FILE COPY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MESIVTA SHAAREI ARAZIM, INC., and
STONE BIOMED CORP.,

        Plaintiffs,

    - against -

MICHAEL HOROWITZ and ALONA
HOROWITZ,

        Defendants.

---

10 CIV 7099

**NOTICE OF REMOVAL**
(ECF)

RECEIVED
SEP 10 2010
U.S.D.C. S.D. N.Y.

Defendants MICHAEL HOROWITZ and ALONA HOROWITZ hereby file this Notice of Removal of the above-captioned action to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York, County of Rockland, where the action is now pending, and state:

1.    This action was commenced in the Supreme Court of the State of New York, County of Rockland, on August 4, 2010, and process was served on defendants Michael Horowitz and Alona Horowitz at their home in Los Angeles, California on August 26, 2010, with a copy of the verified complaint and notices of pendency.

2.    This is a civil action for declaration of a constructive trust, estoppel and preliminary injunction in connection with three properties, one of which allegedly had a market value of $1.1 million on or about February 1, 2006. Verified Complaint, ¶ 21.

3.    The amount in controversy, exclusive of interest and costs, exceeds $75,000.

4.     The United States District Court has original jurisdiction by reason of the diversity of citizenship of the parties.

5.     At the time of the commencement of this action, and since that time, plaintiffs Mezivta Shaarei Arazim Inc. and Stone Biomed Corp. were and now are corporations organized and existing under the laws of the State of New York with their principal place of business in Rockland County, New York.

6.     At the time of the commencement of this action, and since that time, the removing parties, defendants Michael Horowitz and Alona Horowitz, were and now are individuals who reside at 1531 Reeves Street, Los Angeles, California, and are citizens of the State of California.

7.     The removing parties Michael Horowitz and Alona Horowitz are the only defendants named in the action.

8.     Based on the complaint and the diverse citizenship of the parties, the Court has original jurisdiction of this action under 28 U.S.C.A. §1332 and, because defendants are not citizens or residents of the State of New York in which state this action is pending, removal of the action to this Court is proper under 28 U.S.C.A. §1441(a).

9.     Copies of all pleadings, process and orders served on the removing parties in this action are attached to this notice as Exhibit A.

10.    Defendants will give written notice of the filing of this Notice of Removal to plaintiffs' attorney as required by 28 U.S.C.A. §1446(d), and will file a copy of this notice with the clerk of the Supreme Court of the State of New York, County of Rockland, as required by 28 U.S.C.A. §1446(d).

WHEREFORE, defendants respectfully request that this action proceed in the United States District Court for the Southern District of New York, as an action properly removed to this Court.

Date:  New York, New York
       September 13, 2010


                                        HOGUET NEWMAN REGAL &
                                        KENNEY, LLP

                                        By:  _____
                                             Sheryl B. Galler (SG-8182)

                                        10 East 40th Street
                                        New York, New York 10016
                                        Tel.: 212-689-8808
                                        Fax: 212-689-5101

                                        *Attorneys for Defendants*

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------------x

METSIVTA SHAAREI ARAZIM, INC.,
and STONE BIOMED CORP.,

                              Plaintiffs,                    **SUMMONS**

                                                            Index No. 105264/10
                                                            Date Filed:

                    **FILED JL**                            Plaintiffs designate
                                                            Rockland County as
                    AUG 0 4 2010                            place of trial

- against -         ROCKLAND COUNTY                         Basis of venue is the location
                    CLERK'S OFFICE                          of real property

MICHAEL HOROWITZ and ALONA HOROWITZ

                              Defendants.
-------------------------------------------------------------------x

TO THE ABOVE NAMED DEFENDANTS:

    YOU ARE HEREBY SUMMONED and required to serve upon Plaintiffs' attorneys
an answer to the Complaint in this action within 20 days of service of this Summons,
exclusive of the day of service, or within 30 days after service is complete if this
Summons is not personally delivered to you within the State of New York. In case of
your failure to answer, judgment will be taken against you by default for the relief
demanded in the Complaint.


Dated: Nanuet, New York
       August 2, 2010


                              PAUL SAVAD, ESQ.
                              Savad Churgin
                              Attorneys for the Plaintiffs
                              55 Old Turnpike Road, Suite 209
                              Nanuet, New York 10954
                              (845) 624-3820

Defendants' Addresses:

Michael Horowitz
1531 Reeves Street, Los Angeles, California 90035

Alona Horowitz
1531 Reeves Street, Los Angeles, California 90035

Summons\071910

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
--------------------------------------------------------------------X

METSIVTA SHAAREI ARAZIM, INC.,
and STONE BIOMED CORP.,                                    Index No.

                                        Plaintiffs,        **VERIFIED COMPLAINT**

        -- against --

MICHAEL HOROWITZ and ALONA HOROWITZ,      **FILED JL**

                                        Defendants.        AUG 0 4 2010
--------------------------------------------------------------------X        **ROCKLAND COUNTY**
                                                           **CLERK'S OFFICE**

        Plaintiffs, MESIVTA  SHAAREI  ARAZIM, INC. and STONE BIOMED CORP., by

their attorneys, Savad Churgin, allege as follows as and for their Verified Complaint

against Defendants, MICHAEL HOROWITZ and ALONA HOROWITZ:

        1.      This action is brought to declare the three real properties described in

paragraph "8", *infra*, to be held in constructive trust by the defendants for the benefit of

Plaintiff Mesivta Shaarei Arazim, Inc., and for other relief.

        2.      Plaintiff Mesivta Shaarei Arazim, Inc., ("Mesivta") is a religious corporation

located in Spring Valley, Rockland County, New York.

        3.      Plaintiff Stone Biomed Corp. ("Biomed") is a domestic corporation located

in Monsey, Rockland County, New York.

        4.      Upon information and belief, at all times pertinent herein, Defendants

Michael Horowitz and Alona Horowitz (collectively "the Horowitzes"), were and are

residents of the State of California.

        5.      Personal jurisdiction over the defendants is based on CPLR § 302(a)(1)

and (4).

6.      *In rem* jurisdiction is based on CPLR § 314(2).

## FACTUAL BACKGROUND

7.      The real properties that are the subject of this action are known as: 1 East Funston Avenue, Spring Valley, New York 10977 (Town of Ramapo Tax Map Designations: Section 57.55 Block 1 Lot 16); 52 South Main Street, Spring Valley, New York 10977 (Town of Ramapo Tax Map Designations: Section 57.55 Block 1 Lot 15); and 56 South Main Street, Spring Valley, New York 10977 (Town of Ramapo Tax Map Designations: Section 57.55 Block 1 Lot 14).

8.      At all times pertinent herein, Biomed was and is a corporation owned by David Bernstein ("Bernstein"), who is a founding trustee and President of Mesivta.

9.      Biomed Corp. formerly owned the premises known as 52 South Main Street ("52 South Main"), which contained a three-story brick building with a basement.

10.     On or about December 1, 2003, Bernstein offered to sell 52 South Main at cost and below market value to Mesivta for use as a religious school.

11.     In order to operate the school with sufficient bus access and parking, Mesivta needed to acquire two neighboring properties, 56 South Main Street ("56 South Main") and 1 East Funston Street ("1 E. Funston"), both of which abutted the southern boundary of Biomed's property.

12.     56 South Main contained a two-and-a-half-story office building, and 1 East Funston contained a residence.

13.     Mesivta decided to first attempt to acquire the two properties abutting 52 South Main before purchasing the 52 South Main for the school building.

14.    Because Mesivta had insufficient credit for mortgage loans to purchase the three properties, Eli Moscovitz ("Moscovitz"), one of the founding trustees and the executive director of Mesivta, obtained the assistance of his friend, Michael Horowitz.

15.    Michael Horowitz agreed to obtain loans in his own name for the purchase of the properties to hold for the benefit of Mesivta, provided that Mesivta would make all required loan payments and be solely responsible for the expenses and management of the properties, until Mesivta fully satisfied the loans, at which time title to the properties would be transferred to Mesivta.

16.    Michael Horowitz intended to claim a personal tax benefit for the "donation" to Mesivta.

17.    In reliance on Michael Horowitz's promises concerning the properties, Mesivta first arranged to purchase 56 South Main (the office building), which closed on or about May 11, 2004, and then arranged to purchase 1 Funston (the residence), which closed on or about January 27, 2005.

18.    Both property purchases closed with loans obtained by Michael Horowitz, totaling $570,000, and deeds were issued to Michael Horowitz.

19.    Mesivta prepared plans for development of the school, which plans were approved by the Village of Spring Valley Planning Board on or about December 20, 2005.

20.    Michael Horowitz and Alona Horowitz then obtained a $750,000 loan for purchase of 52 South Main for the benefit of Mesivta under the same terms as the prior two purchases, with Mesivta to make the loan payments and title to be transferred to Mesivta upon satisfaction of the loan.

21.    In reliance on the Horowitzes' promises, Biomed gave a deed to the Horowitzes for its property on or about February 1, 2006, at Biomed's actual cost of $750,000, although the market value at the time was $1.1 million.

22.    In reliance on the Horowitzes' promises, Mesivta: expended money and effort to obtain the necessary approvals from Village of Spring Valley Planning Board to develop and renovate the three properties; began operating the School in the 52 South Main Street building; moved its administrative offices into a portion of the office building at 56 South Main, managed the operation of the office building, including the renting of space to other businesses and became responsible to the Horowitzes for the lease payments of any tenant who left and engaged in fundraising activities for donations for Mesivta's purchase of the properties.

23.    For all three transactions, Michael Horowitz authorized Moscovitz, a trustee and executive director of Mesivta, to act as his attorney-in-fact.

24.    Mesivta has fulfilled its obligations to make the required payments due on the loans.

25.    In 2008, the operation of the yeshiva was struggling with financial and operational difficulties.

26.    Moscovitz resigned in January of 2008, because a new pro-active board was being assembled to address the financial difficulties and disagreements with the senior educational administration.

27.    The Board of Mesivta was reconstituted and a person experienced in financial work-outs became a board member in or about July of 2008.

4

28.     In August of 2008, Michael Horowitz insisted that Mesivta sign formal leases for the three properties, since the school, under Moscovitz's financial administration, had fallen behind on tax payments, unbeknownst to other school officials.

29.     At Michael Horowitz's request, the "rent" amounts were structured to be equal to the mortgage payments, taxes and other related expenses already being paid by Mesivta.

30.     Mesivta signed the leases and continued to pay the purchase money loans and all other property expenses.

### FIRST CAUSE OF ACTION
(Declaration of Constructive Trust)

31.     Michael Horowitz has informed Mesivta that he will not turn title over to Mesivta on the three properties unless the loans are fully satisfied in advance of their respective due dates, and Moscovitz, his friend, is paid $400,000.

32.     This demand violates the agreements with Mesivta and Biomed to turn title over to Mesivta in return for Biomed selling the property below fair market value and Mesivta making all required payments on the loans on all properties.

33.     Michael Horowitz acted as a fiduciary of Mesivta by nominating Moscovitz as his agent in the transactions, while Moscovitz was simultaneously acting as a fiduciary of Mesivta.

34.     The Horowitzes acted as fiduciaries of Mesivta when they agreed to obtain loans, purchase the properties and take title to the properties, all on behalf of Mesivta.

35.    The Horowitzes acted as fiduciaries of Biomed when they accepted Biomed's offer to sell 52 South Main to them at a below-market price, provided the property was held for the benefit of Mesivta.

36.    Title was transferred to the Horowitzes by Biomed in reliance on their promise to hold title for the benefit of Mesivta and to transfer title to Mesivta when Mesivta satisfied the loans.

37.    In reliance on the Horowitzes' promise to hold title for the benefit of Mesivta, Mesivta allowed the Horowitzes to assume purchase opportunities negotiated by Mesivta for its own benefit.

38.    Mesivta and Biomed would have found another funding source for the purchases if the Horowitzes did not promise to hold title for the benefit of Mesivta and to transfer title to Mesivta.

39.    The Horowitzes have not paid any money towards purchase of the properties or the development and renovation of the properties, and have been unjustly enriched by usurping Mesivta's purchase opportunities and by Mesivta's payment of all loan obligations and management of the properties from 2004 to date.

40.    The Horowitzes are in a position to sell the property and deprive Mesivta of its intended benefit.

41.    The plaintiffs have no adequate remedy at law.

42.    By reason of the foregoing, the plaintiffs are entitled to a declaration that the defendants hold the properties in trust for the benefit of Mesivta, and that the defendants are required to transfer title to Mesivta upon its full payment of the loans.

6

## SECOND CAUSE OF ACTION
### (Estoppel)

43.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained within paragraphs "1" through "42" as though fully set forth herein.

44.    The defendants are estopped from asserting any defenses to the validity of the oral agreements to hold the properties for the benefit of Mesivta and to transfer title to Mesivta as soon as Mesivta satisfies the loans, by reason of Mesivta's partial performance of the agreement in reliance on those promises and Biomed's full performance of the agreement to sell the property to the defendants at a discounted price for the benefit Mesivta.

## THIRD CAUSE OF ACTION
### (Permanent Injunction)

45.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained within paragraphs "1" through "44" as though fully set forth herein.

46.    The plaintiffs are entitled to a permanent injunction prohibiting the defendants from selling, mortgaging or otherwise encumbering or disposing of the subject properties.

WHEREFORE, plaintiffs demand judgment against defendants as follows:

A. On th e First Cause of Action, a declaration that the defendants hold the properties in trust for the benefit of Mesivta, and that the defendants are required to transfer title to Mesivta upon Mesitva's full payment of the loans;

7

B. On the Second Cause of Action, a declaration that the defendants are estopped from disavowing the oral agreements, by reason of Mesivta's partial performance and Biomed's full performance of the agreement;

C. On the Third Cause of Action, a permanent injunction prohibiting the defendants from selling, mortgaging or otherwise encumbering or disposing of the subject properties; and

D. Such other and further relief as this Court deems just and proper, together with the costs and disbursements of this action.

Dated: Nanuet, New York
      August 2, 2010

PAUL SAVAD, ESQ.
Savad Churgin
Attorney for Plaintiffs
55 Old Turnpike Road, Suite 209
Nanuet, New York 10954
(845) 624-3820

8

**VERIFICATION**

STATE OF NEW YORK   )
                    )
COUNTY OF ROCKLAND )

ZEV FREUNDLICH, duly affirms and says: I am an officer of Plaintiff

Metsivta Shaarei Arazim, Inc. in the action herein; I have read the annexed Verified

Complaint and know the contents thereof, and the same are true to my knowledge,

except those matters therein which are stated to be alleged on information and belief,

and as to those matters I believe them to be true.  I affirm pursuant to my religious

beliefs.

ZEV FREUNDLICH

Affirmed before me this
2ⁿᵈ day of August, 2010

Notary Public

SUSAN COOPER
Notary Public, State of New York
No. 4989686
Qualified in Rockland County
Commission Expires 12/16/13

Complaint\072310

9

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

---------------------------------------------------------------X

MESIVTA SHAAREI ARAZIM, INC.,
and STONE BIOMED CORP.,

Index No.

Plaintiffs,

– against –

NOTICE OF PENDENCY

MICHAEL HOROWITZ and ALONA HOROWITZ,

**FILED JL**

Defendants.

AUG 0 4 2010

---------------------------------------------------------------X

ROCKLAND COUNTY
CLERK'S OFFICE

**NOTICE IS HEREBY GIVEN** that an action has been commenced and

is now pending in this Court upon the complaint of the above-named plaintiffs,

MESIVTA SHAAREI ARAZIM and STONE BIOMED CORP., against the above-named

defendants, MICHAEL HOROWITZ and ALONA HOROWITZ, for a judgment declaring

the property described below to be held in constructive trust for the benefit of plaintiff

Mesivta Shaarei Arazim, Inc.

The real property in the County of Rockland affected thereby is particularly

described as that certain plot, piece, or parcel of land, situate, lying, and being in the

Village of Spring Valley, Town of Ramapo, County of Rockland, and State of New York,

known as 1 East Funston Avenue, Spring Valley, New York 10977; Town of Ramapo

Tax Map Designations: Section 57.55 Block 1 Lot 16, and being the same Property

conveyed to defendant Michael Horowitz by deed from Alexander Dorogoff, dated

January 27, 2005, and recorded in the Office of the Clerk of Rockland County on

February 4, 2005 as Instrument No. 2005-6796.

TO THE CLERK OF THE COUNTY OF ROCKLAND:

You are hereby directed to index the foregoing Notice of Pendency to the name of the following defendant:

MICHAEL HOROWITZ;

**Property:**

1 East Funston Avenue, Spring Valley, New York 10977

Town of Ramapo Tax Map Designations: Section 57.55 Block 1 Lot 16

Dated: Nanuet, New York
        August 2, 2010

PAUL SAVAD, ESQ.
Savad Churgin
Attorneys for Plaintiffs
55 Old Turnpike Road
Nanuet, New York 10954
(845) 624-3820

lispen-1fonston\071910

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------------------x

METSIVTA SHAAREI ARAZIM, INC.,
and STONE BIOMED CORP.,

                              Plaintiffs,

        - against -

MICHAEL HOROWITZ and ALONA HOROWITZ,

                              Defendants.
------------------------------------------------------------------x


NOTICE OF PENDENCY


Savad Churgin
Attorneys at Law
55 Old Turnpike Rd - Suite 209
Nanuet, New York 10954
(845) 624-3820

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND

--------------------------------------------------------------------X

MESIVTA SHAAREI ARAZIM, INC.,
and STONE BIOMED CORP.,

Index No.

Plaintiffs,

– against –

NOTICE OF PENDENCY

MICHAEL HOROWITZ and ALONA HOROWITZ,

**FILED J**

Defendants.

AUG 04 2010

--------------------------------------------------------------------X

ROCKLAND **COUNTY**
**CLERK'S OFFICE**

**NOTICE IS HEREBY GIVEN** that an action has been commenced and

is now pending in this Court upon the complaint of the above-named plaintiffs,

MESIVTA SHAAREI ARAZIM and STONE BIOMED CORP., against the above-named

defendants, MICHAEL HOROWITZ and ALONA HOROWITZ, for a judgment declaring

the property described below to be held in constructive trust for the benefit of plaintiff

Mesivta Shaarei Arazim, Inc.

The real property in the County of Rockland affected thereby is particularly

described as that certain plot, piece, or parcel of land, situate, lying, and being in the

Village of Spring Valley, Town of Ramapo, County of Rockland, and State of New York,

known as 52 South Main Street, Spring Valley, New York 10977; Town of Ramapo Tax

Map Designations: Section 57.55 Block 1 Lot 15, and being the same Property

conveyed to defendants Michael Horowitz and Alona Horowitz and by deed from Stone

Biomed Corp., dated February 1, 2006, and recorded in the Office of the Clerk of

Rockland County on February 7, 2006 as Instrument No. 2006-7613.

1

TO THE CLERK OF THE COUNTY OF ROCKLAND:

You are hereby directed to index the foregoing Notice of Pendency to the name of the following defendants:

MICHAEL HOROWITZ and ALONA HOROWITZ;

**Property:**

52 South Main Street, Spring Valley, New York 10977

Town of Ramapo Tax Map Designations: Section 57.55 Block 1 Lot 15

Dated: Nanuet, New York
      August 2, 2010

                               PAUL SAVAD, ESQ.
                               Savad Churgin
                               Attorneys for Plaintiffs
                               55 Old Turnpike Road
                               Nanuet, New York 10954
                               (845) 624-3820

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
------------------------------------------------------------------x
METSIVTA SHAAREI ARAZIM, INC.,
and STONE BIOMED CORP.,

                              Plaintiffs,

      - against -

MICHAEL HOROWITZ and ALONA HOROWITZ,

                              Defendants.
------------------------------------------------------------------x


NOTICE OF PENDENCY


Savad Churgin
Attorneys at Law
55 Old Turnpike Rd - Suite 209
Nanuet, New York 10954
(845) 624-3820

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-------------------------------------------------------------------X
MESIVTA SHAAREI ARAZIM, INC.,                               Index No.
and STONE BIOMED CORP.,

                              Plaintiffs,

        – against –                                    NOTICE OF PENDENCY
                                                       **FILED JL**
MICHAEL HOROWITZ and ALONA HOROWITZ,
                                                       AUG 0 4 2010
                              Defendants.              ROCKLAND COUNTY
-------------------------------------------------------------------X    CLERK'S OFFICE

   **NOTICE IS HEREBY GIVEN** that an action has been commenced and

is now pending in this Court upon the complaint of the above-named plaintiffs,

MESIVTA SHAAREI ARAZIM and STONE BIOMED CORP., against the above-named

defendants, MICHAEL HOROWITZ and ALONA HOROWITZ, for a judgment declaring

the property described below to be held in constructive trust for the benefit of plaintiff

Mesivta Shaarei Arazim, Inc.

   The real property in the County of Rockland affected thereby is particularly

described as that certain plot, piece, or parcel of land, situate, lying, and being in the

Village of Spring Valley, Town of Ramapo, County of Rockland, and State of New York,

known as 56 South Main Street, Spring Valley, New York 10977; Town of Ramapo Tax

Map Designations: Section 57.55 Block 1 Lot 14, and being the same Property

conveyed to defendant Michael Horowitz by deed from South Main Realty, LLC, dated

May 11, 2004, and recorded in the Office of the Clerk of Rockland County on June 8,

2004 as Instrument No. 2004-37170.

TO THE CLERK OF THE COUNTY OF ROCKLAND:

You are hereby directed to index the foregoing Notice of Pendency to the name of the following defendant:

MICHAEL HOROWITZ;

**Property:**

56 South Main Street, Spring Valley, New York 10977

Town of Ramapo Tax Map Designations: Section 57.55 Block 1 Lot 14

Dated: Nanuet, New York
　　　　August 2, 2010

　　　　　　　　　　　　　　　　　　PAUL SAVAD, ESQ.
　　　　　　　　　　　　　　　　　　Savad/Churgin
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs
　　　　　　　　　　　　　　　　　　55 Old Turnpike Road
　　　　　　　　　　　　　　　　　　Nanuet, New York 10954
　　　　　　　　　　　　　　　　　　(845) 624-3820

lispen-56main071910

Index No.   10564/10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
----------------------------------------------------------x
METSIVTA SHAAREI ARAZIM, INC.,
and STONE BIOMED CORP.,

                    Plaintiffs,

    - against -

MICHAEL HOROWITZ and ALONA HOROWITZ,

                    Defendants.
----------------------------------------------------------x

## NOTICE OF PENDENCY

**Savad Churgin**
**Attorneys at Law**
**55 Old Turnpike Rd - Suite 209**
**Nanuet, New York 10954**
**(845) 624-3820**