UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MESIVTA SHAAREI ARAZIM, INC., and STONE BIOMED CORP., <br><br> Plaintiffs, <br><br> - against - <br><br> MICHAEL HOROWITZ and ALONA HOROWITZ, <br><br> Defendants. | 10 Civ. 7099 (JFM) <br><br> **DEFENDANTS' VERIFIED ANSWER AND THE COUNTERCLAIMS OF MICHAEL HOROWITZ AGAINST MESIVTA SHAAREI ARAZIM, INC.** |

Defendant-Counterclaim Plaintiff Michael Horowitz and Defendant Alona Horowitz, by their undersigned counsel Hoguet Newman Regal & Kenney, LLP, as and for their verified answer to the Verified Complaint (the "Complaint") of Plaintiffs Mesivta Shaarei Arazim, Inc. and Stone Biomed Corp. (together, "Plaintiffs"), allege as follows:

1. Deny that Plaintiffs are entitled to the relief sought in the Complaint and deny that the properties that are the subject of the Complaint are described in paragraph 8 therein, except admit that the Complaint seeks a declaration of constructive trust and other relief.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4. Admit the allegations in paragraph 4 of the Complaint.

5. Deny the allegations in paragraph 5 of the Complaint and further respond that paragraph 5 states conclusions of law to which no response is required.

6. Deny the allegations in paragraph 6 of the Complaint and further respond that paragraph 6 states conclusions of law to which no response is required.

## FACTUAL BACKGROUND

7. Admit that the properties that are the subject of the Complaint are known as One East Funston Ave., 52 South Main Street and 56 South Main Street, each of which are located in Spring Valley, NY 10977.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. Admit the allegations in paragraph 12 of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint, except admit that Defendant Michael Horowitz purchased the properties known as One East Funston Ave., Spring Valley, NY 10977 and 56 South Main Street, Spring Valley, NY 10977, and that Defendants Michael and Alona Horowitz purchased the property known as 52 South Main Street, Spring Valley, NY 10977.

15. Deny the allegations in paragraph 15 of the Complaint, except admit that Defendant Michael Horowitz purchased the properties known as One East Funston Ave., Spring Valley, NY 10977 and 56 South Main Street, Spring Valley, NY 10977, and that Defendants Michael and Alona Horowitz purchased the property known as 52 South Main Street, Spring Valley, NY 10977, and that Mesivta was and is required to pay rent to Mr. Horowitz for the three properties.

16. Deny the allegations in paragraph 16 of the Complaint.

17. Deny the allegations in paragraph 17 of the Complaint.

18. Deny the allegations in paragraph 18 of the Complaint except admit that Defendant Michael Horowitz purchased the properties at One East Funston Ave. and 56 South Main Street, Spring Valley, NY 10977, and that deeds were issued to Mr. Horowitz for the two properties.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Deny the allegations in paragraph 20 of the Complaint except admit that Michael and Alona Horowitz purchased the property known as 52 South Main Street, Spring Valley, NY 10977, obtained loans for the purchase of the property, and acquired a deed for the property, and that Mesivta was and is required to make rental payments to Michael and Alona Horowitz for the property.

21. Deny the allegations in paragraph 21 of the Complaint regarding any alleged promises made by the Horowitzes, except admit that Michael and Alona Horowitz purchased the property known as 52 South Main Street, Spring Valley, NY 10977 and acquired a deed for the property.

22. Deny the allegations in paragraph 22 of the Complaint regarding any alleged promises made by the Horowitzes to Mesivta, and deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint regarding Mesivta's activities except admit that Mesivta was liable to the Horowitzes for the lease payments of any tenant who left the 56 South Main Street property.

23. Admit the allegations in paragraph 23 of the Complaint.

24. Deny the allegations in paragraph 24 of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint except admit that in August 2008, Mesivta, as Shaarei Arazim of Monsey, as Tenant, signed 5-year lease agreements with Michael Horowitz as Owner of the three properties.

29. Deny the allegations regarding 29 of the Complaint.

30. Deny the allegations regarding 30 of the Complaint except admit that Mesivta, as Shaarei Arazim of Monsey, as Tenant, signed lease agreements with Michael Horowitz, as Owner of the three properties.

## FIRST CAUSE OF ACTION
(Declaration of Constructive Trust)

31. Deny the allegations in paragraph 31 of the Complaint.

32. Deny the allegations in paragraph 32 of the Complaint.

33. Deny the allegations in paragraph 33 of the Complaint.

34. Deny the allegations in paragraph 34 of the Complaint.

35. Deny the allegations in paragraph 35 of the Complaint.

36. Deny the allegations in paragraph 36 of the Complaint except admit that the Horowitzes hold title to the property at 52 South Main Street.

37. Deny the allegations in paragraph 37 of the Complaint.

38. Deny the allegations in paragraph 38 of the Complaint.

39. Deny the allegations in paragraph 39 of the Complaint.

40. Deny the allegations in paragraph 40 of the Complaint, except admit that the Horowitzes are the owners of the three properties and have the right to sell those properties.

41. Deny the allegations in paragraph 41 of the Complaint, and further state that this paragraph states conclusion of law to which no response is required.

42. Deny the allegations in paragraph 42 of the Complaint.

## SECOND CAUSE OF ACTION
(Estoppel)

43. Repeat and reallege each and every answer contained in paragraphs 1 through 42 above, with the same force and effect as if fully restated herein.

44. Deny the allegations in paragraph 44 of the Complaint.

## THIRD CAUSE OF ACTION
(Permanent Injunction)

45. Repeat and reallege each and every answer contained in paragraphs 1 through 44 above, with the same force and effect as if fully restated herein.

46. Deny the allegations in paragraph 46 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
(Failure to State a Claim)

47. Plaintiffs' claims in the Complaint fail to state a claim against Defendants upon which relief can be granted.

### Second Affirmative Defense
(Unclean Hands)

48. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands.

### Third Affirmative Defense
(Estoppel and Waiver)

49. Plaintiffs' claims are barred in whole or in part by the doctrines of estoppels and waiver.

### Fourth Affirmation Defense
(Consent)

50. Plaintiffs' claims are barred, in whole or in part, by the doctrine of consent.

### Fifth Affirmation Defense
(Offset)

51. Plaintiffs' claims are barred, in whole or in part, by the doctrine of offset.

### Sixth Affirmative Defense
(Lack of Reasonable Reliance)

52. Plaintiffs did not rely and did not reasonably rely on any statements, actions or omissions by Defendants.

### Seventh Affirmative Defense
(Culpable Conduct)

53. Any injury or damages alleged by Plaintiffs are the result of the culpable conduct of Plaintiffs.

### Eighth Affirmative Defense
(Lack of Causation)

54. Any injury or damages alleged by Plaintiffs are the result of an independent intervening cause, and not the result of any alleged action or omission by Defendants.

### Ninth Affirmative Defense
(Failure to Mitigate Damages)

55. Plaintiffs' claims are barred in whole or in part because Plaintiffs failed to mitigate their damages.

### Tenth Affirmation Defense
(Unjust Enrichment)

56. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched and Defendants would be unjustly injured if Plaintiffs' request for relief was granted.

### Eleventh Affirmation Defense
(Necessary Parties)

57. Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to name a necessary party of parties to this action.

## COUNTERCLAIMS OF MICHAEL HOROWITZ
## AGAINST MESIVTA SHAAREI ARAZIM, INC.

Defendant-Counterclaim Plaintiff Michael Horowitz, by his attorneys Hoguet Newman Regal & Kenney, LLP, as and for his counterclaims against Mesivta Shaarei Arazim, Inc., respectfully alleges as follows:

### Parties

58. Defendant-Counterclaim Plaintiff Michael Horowitz is a citizen of the State of California, residing at 9418 Oakmore Road, Los Angeles, California.

59. Plaintiff-Counterclaim Defendant Mesivta Shaarei Arazim, Inc. ("Mesivta") is, upon information and belief, a religious corporation organized and existing under the laws of the State of New York with its principal place of business at 56 South Main Street, Spring Valley, New York.

60. Upon information and belief, Mesivta is an alternate name and/or affiliate and/or alter ego of Shaarei Arazim of Monsey ("Shaarei Arazim") which, upon information and belief, is a corporation organized and existing under the laws of the State of New York with its principal place of business at 56 South Main Street, Spring Valley, New York.

61. Upon information and belief, Mesivta Shaarei Arazim, Inc. and Shaarei Arazim of Monsey are owned and controlled by the same persons.

### Factual Background

**The Loan Agreements**

62. On or about December 3, 2006, Mr. Horowitz loaned $20,000 to Mesivta under the name Shaarei Arazim, which loan was due and payable with interest on or before May 1, 2007.

63. On or about December 19, 2006, Mr. Horowitz loaned $130,000 to Mesivta under the name Shaarei Arazim, which loan was due and payable with interest on or before December 31, 2007.

64. On or about April 12, 2007, Mr. Horowitz loaned $100,000 to Mesivta under the name Shaarei Arazim, which loan was due and payable with interest on or before July 1, 2007.

65. On or about April 19, 2007, Mr. Horowitz loaned $35,000 to Mesivta under the name Shaarei Arazim, which loan was due and payable with interest on or before July 1, 2007.

66. Mesivta under the name Shaarei Arazim signed a contract for each of the above-listed four loans, under which Mesivta under the name Shaarei Arazim agreed to repay the loans plus interest.

67. To date, Mesivta has paid approximately $22,000 in interest to Mr. Horowitz and has not repaid the principal or accrued interest due on any of the four loans from Mr. Horowitz.

**The Lease Agreements**

68. On or about May 11, 2004, Michael Horowitz purchased the property known as 56 South Main Street, Spring Valley, New York, and holds title to that property.

69. On or about January 27, 2005, Michael Horowitz purchased the property known as One Funston Street, Spring Valley, New York, and holds title to that property.

70. On or about February 1, 2006, Michael and Alona Horowitz purchased the property known as 52 South Main Street, Spring Valley, New York, and hold title to that property.

71. Michael and Alona Horowitz leased the three properties to Shaarei Arazim of Monsey, which, upon information and belief, also operates under the name Mesivta Shaarei Arazim, Inc. and has brought this action against Michael and Alona Horowitz under that name.

72. Mesivta/Shaarei Arazim was and is required to make rental payments to Michael and Alona Horowitz for the property.

73. On or about August 1, 2008, Mr. Horowitz, as Owner, entered into a lease agreement with Mesivta under the name Shaarei Arazim, as Tenant, for the lease of property at One East Funston Ave., Spring Valley, NY 10977, for the 5-year period of August 1, 2008 through July 31, 2013.

74. The lease agreement for One East Funston Ave. requires the Tenant to pay rent to Mr. Horowitz on the first day of every month in the amount of $2,700 plus additional payments.

75. On or about August 1, 2008, Mr. Horowitz, as Owner, entered into a lease agreement with Mesivta under the name Shaarei Arazim, as Tenant, for the lease of property at 52 South Main Street, Spring Valley, NY 10977, for the 5-year period of August 1, 2008 through July 31, 2013.

76. The lease agreement for 52 South Main Street requires the Tenant to pay rent to Mr. Horowitz on the first day of every month in the amount of $15,000 plus additional payments.

77.     On or about August 1, 2008, Mr. Horowitz, as Owner, entered into a lease agreement with Mesivta under the name Shaarei Arazim, as Tenant, for the lease of property at 56 South Main Street, Spring Valley, NY 10977, for the 5-year period of August 1, 2008 through July 31, 2013.

78.     The lease agreement for 56 South Main Street requires the Tenant to pay rent to Mr. Horowitz on the first day of every month in the amount of $1,500 plus additional payments.

79.     To date, Mesivta has not paid the rent or additional payments that were due to Mr. Horowitz on September 1, 2010 and October 1, 2010, under the lease agreements for the One East Funston Ave., 52 South Main Street and 56 South Main Street properties.

80.     The lease agreements also require the Tenant to make the lease payments of any other tenant who left the properties.

81.     A tenant of one of the properties left in June 2010, but Mesivta has not made the lease payments required under the lease agreements.

### FIRST CAUSE OF ACTION
(Breach of Contract)

82.     Defendant-Counterclaim Plaintiff repeats and realleges each and every allegation set forth in paragraphs 58 through 80 above as if fully set forth herein.

83.     The four contracts under which Mr. Horowitz loaned a total of $285,000 to Mesivta under the name Shaarei Arazim are valid and binding contracts between the Mr. Horowitz and Mesivta, and are enforceable as against Mesivta.

84.     Mesivta has failed to make any payments to Mr. Horowitz of principal or accrued interest as required by each of the contracts.

85. By virtue of Mesivta's default on each of the four loans, Mr. Horowitz has been damaged in an amount to be determined at trial but in no event less than $285,000 plus contractual and statutory interest on the foregoing amounts through the date of payment.

## SECOND CAUSE OF ACTION
(Breach of Contract)

86. Defendant-Counterclaim Plaintiff repeats and realleges each and every allegation set forth in paragraphs 58 through 84 above as if fully set forth herein.

87. The lease agreements between Mr. Horowitz as Owner and Mesivta under the name Shaarei Arazim as Tenant, for the One East Funston Ave., 52 South Main Street and 56 South Main Street properties are valid and binding contracts between the Mr. Horowitz and Mesivta, and are enforceable as against Mesivta.

88. Mesivta has failed to pay to Mr. Horowitz the rent and other payments due on September 1, 2010 and October 1, 2010, for the One East Funston Ave., 52 South Main Street and 56 South Main Street properties as required by the lease agreements.

89. By virtue of Mesivta's breach of the lease agreements, Mr. Horowitz has been damaged in an amount to be determined at trial but in no event less than $38,400 plus additional payments due under the lease plus late charges plus the lease payments of the tenant who left in June 2010, plus contractual and statutory interest through the date of payment.

## THIRD CAUSE OF ACTION
(Declaratory Judgment)

90. Defendant-Counterclaim Plaintiff repeats and realleges each and every allegation set forth in paragraphs 58 through 88 above as if fully set forth herein.

91. Mr. Horowitz is entitled to judgment declaring that Michael Horowitz is the owner of the One East Funston Ave. and 56 South Main Street properties, that Michael and Alona Horowitz are the owners of the 52 South Main Street property, that Mesivta/Shaarei Arazim is required to pay to Mr. Horowitz the rent and other payments due and owing under the lease agreements for the One East Funston Ave., 52 South Main Street and 56 South Main Street properties, and that that Mesivta/Shaarei Arazim is required to pay timely to Mr. Horowitz the rents and other payments due under the lease agreements for the three properties through the end of the 5-year term of those lease agreements.

**WHEREFORE**, Defendant-Counterclaim Plaintiff Michael Horowitz and Defendant Alona Horowitz respectfully request:

    a.    an order dismissing the Complaint in its entirety with prejudice;

    b.    on Defendant-Counterclaim Plaintiff's First Cause of Action, an award in an amount to be determined at trial but in no event less than $285,000 plus contractual and statutory interest;

    c.    on Defendant-Counterclaim Plaintiff's Second Cause of Action, $38,400 plus additional payments due under the lease plus late charges plus the lease payments of the tenant who left in June 2010, plus contractual and statutory interest through the date of payment;

    d.    on Defendant-Counterclaim Plaintiff's Third Cause of Action, a judgment declaring Michael Horowitz is the owner of the One East Funston Ave. and 56 South Main Street properties, that Michael and Alona Horowitz are the owners of the 52 South Main Street property, that Mesivta/Shaarei Arazim is required to pay to Mr.

Horowitz the rent and other payments due and owing under the lease agreements for the One East Funston Ave., 52 South Main Street and 56 South Main Street properties, and that that Mesivta/Shaarei Arazim is required to pay timely to Mr. Horowitz the rent and other payments due under the lease agreements for the three properties through the end of the 5-year term of those lease agreements;

      e.    an order awarding Defendant–Counterclaim Plaintiff Michael Horowitz and Defendant Alona Horowitz their attorneys' fees and costs;  and

      f.    an order awarding Defendant-Counterclaim Plaintiff Michael Horowitz and Defendant Alona Horowitz such other and further relief as the Court may deem necessary, just or appropriate.

Dated: New York, New York
       October 7, 2010

                        HOGUET NEWMAN REGAL & KENNEY, LLP

                        By: _____
                             Sheryl B. Galler (SG-8182)

                        10 East 40th Street
                        New York, New York 10016
                        Telephone: (212) 689-8808
                        Facsimile: (212) 689-5101

                        *Attorneys for Defendants*
                        *and Counterclaim Plaintiff*

## VERIFICATION

STATE OF CALIFORNIA )
                    ) ss:
COUNTY OF LOS ANGELES )

I, Michael Horowitz, am the defendant and counterclaim-plaintiff in this action. I have read the foregoing answer to the complaint and counterclaims. The matters stated in the answer and counterclaims are true of my own knowledge except those matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 7, 2010

Michael Horowitz

Signed and sworn to me this 7
day of October, 2010

Notary Public

ELAINE MARIE MAEDA
Commission # 1889840
Notary Public - California
Los Angeles County
My Comm. Expires Jun 6, 2014

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of __Los Angeles__

On __10/7/10__ before me, __Elaine Marie Maeda, notary public__,
(Here insert name and title of the officer)

personally appeared __Michael Horowitz__,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____  (Notary Seal)
Signature of Notary Public

ELAINE MARIE MAEDA
Commission # 1889840
Notary Public - California
Los Angeles County
My Comm. Expires Jun 6, 2014

---

## ADDITIONAL OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

__Verification__
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages __1__   Document Date __10/7/10__

_____
(Additional information)

### CAPACITY CLAIMED BY THE SIGNER
- ☐ Individual (s)
- ☐ Corporate Officer
  _____
  (Title)
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other _____

### INSTRUCTIONS FOR COMPLETING THIS FORM
*Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they,- is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  ❖ Indicate title or type of attached document, number of pages and date.
  ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document

2008 Version CAPA v12.10.07 800-873-9865 www.NotaryClasses.com

## VERIFICATION

STATE OF CALIFORNIA  )
                     ) ss:
COUNTY OF LOS ANGELES )

I, Alona Horowitz, am the defendant in this action. I have read the foregoing answer to the complaint. The matters stated in the answer are true of my own knowledge except those matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 7, 2010

_____
Alona Horowitz

Signed and sworn to me this 7
day of October, 2010

_____
Notary Public

ELAINE MARIE MAEDA
Commission # 1889840
Notary Public - California
Los Angeles County
My Comm. Expires Jun 6, 2014

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of __Los Angeles__

On __10/7/10__ before me, __Elaine Marie Maeda, notary public__,
(Here insert name and title of the officer)

personally appeared __Alon L Horowitz__,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public

(Notary Seal)

ELAINE MARIE MAEDA
Commission # 1869840
Notary Public - California
Los Angeles County
My Comm. Expires Jun 6, 2014

---

## ADDITIONAL OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

__Verification__
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages __1__   Document Date __10/7/10__

_____
(Additional information)

### CAPACITY CLAIMED BY THE SIGNER
- ☐ Individual (s)
- ☐ Corporate Officer
  _____
  (Title)
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other _____

### INSTRUCTIONS FOR COMPLETING THIS FORM
*Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they,- is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  ❖ Indicate title or type of attached document, number of pages and date.
  ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document