

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAAREI ARAZIM OF MONSEY, and
STONE BIOMED CORP.,

        Plaintiffs,

- against -

MICHAEL HOROWITZ and ALONA
HOROWITZ,

        Defendants.

10 Civ. 7099 (VB)

~~PROPOSED~~
ORDER AND JUDGMENT

VINCENT BRICCETTI, U.S.D.J.:

    This action was tried on November 7-8, 2013. On November 12, 2013, the parties reported that they had arrived at a settlement based on the terms set out in Court Exhibit 2, a copy of which is annexed hereto, which was signed by the parties on November 11, 2013. Plaintiffs disputed Defendants' interpretation of Court Exhibit 2, and Defendants moved to enforce the settlement terms as set forth in Court Exhibit 2. The motion was granted on the record on March 17, 2014.

    Now, on motion of Hoguet Newman Regal & Kenney, LLP, attorneys for Defendants, it is

    **ORDERED, ADJUDGED, DECREED** that judgment is entered in favor of Defendants Michael Horowitz and Alona Horowitz and against Plaintiffs Shaarei Arazim of Monsey and Stone Biomed Corp. dismissing with prejudice and without costs



Plaintiffs' First Cause of Action (Declaration of Constructive Trust), Second Cause of Action (Estoppel), and Third Cause of Action (Permanent Injunction); and it is further

**ORDERED, ADJUDGED, DECREED** that Defendants are awarded judgment on their Third Counterclaim (Declaratory Judgment), limited to the following declaration: Defendants Michael Horowitz and Alona Horowitz (collectively "Horowitz") are the owners of ~~all rights, title and interest in and~~ [and have clear title] to the property located at 52 South Main Street, Spring Valley, New York (Section 57.55, Block 1, Lot 15); and Defendant Michael Horowitz is the owner of [and has clear title to] the properties located at 56 South Main Street, Spring Valley, New York (Section 57.55, Block 1, Lot 14), and 1 East Funston Avenue, Spring Valley, New York (Section 57.55, Block 1, Lot 16); and it is further

**ORDERED, ADJUDGED, DECREED** that the Notices of Pendency filed against the three properties by the Plaintiffs are hereby vacated; and it is further

**ORDERED, ADJUDGED, DECREED** that Defendants' First Counterclaim (Breach of Contract) and Second Counterclaim (Breach of Contract) are dismissed with prejudice and without costs; and it is further

**ORDERED, ADJUDGED, DECREED** that Defendant(s) "Horowitz," (the property owner or owners as the case may be), lease all three properties to Shaarei Arazim for 5 years, with Shaarei Arazim required to stay for a minimum term of three years, at the rent currently being paid. In addition:

1. Shaarei Arazim has the right to sublet for its own account.
2. Defendant(s) Horowitz will receive rents from the two current subtenants in 56 South Main Street, and when that space becomes available, Shaarei

Arazim will be responsible for paying that rent to Horowitz, or finding a subtenant or subtenants for that vacated space.

3. Shaarei Arazim will obtain all necessary Certificates of Occupancy for all buildings not later than September 1, 2014.

4. Shaarei Arazim will have the option to renew the leases for successive one-year terms. The renewal rent will be increased by the 60-month CPI for the first renewal term and annual CPI adjustments thereafter; provided, however, that if any of the mortgages have been paid off, the monthly rent will be reduced by $5,000.

5. Horowitz may sell the properties at any time, subject to the following conditions: if the net proceeds (defined as sales price less then-existing mortgages and closing and transaction costs) are less than $2,500,000, Shaarei Arazim will receive $750,000; if net proceeds are $2,500,000 to $4,000,000, Shaarei Arazim will receive 30% of the net proceeds; if net proceeds are in excess of $4,000,000, Shaarei Arazim will receive 35% of the net proceeds.

6. Shaarei Arazim's right to share the net proceeds is conditioned upon its continued tenancy and its compliance with the lease terms, and Horowitz will give Shaarei Arazim written notice of any monetary defaults and 30 days to cure.

7. Shaarei Arazim will defend Horowitz against any claims brought by or on behalf of Shaarei Arazim or by its creditors.

Dated: April 14, 2014
       White Plains, New York

So Ordered:

_____
VINCENT BRICCETTI, U.S.D.J.

November 11, 2013

## Settlement Terms

The parties agree to settle all claims between them asserted in 10 Civ. 7099 (VB) on the following basis:

1. Plaintiffs drop the case with prejudice (give up all claims to the property). Horowitz gets totally clear title. Remove all lis pendens immediately.

2. Horowitz leases all three properties to Yeshiva for 5 years, with the Yeshiva required to stay for a minimum term of three years, at rent currently being paid. Yeshiva has the right to sublet for its own account. Horowitz will receive the rents from the two current subtenants in 56 South Main Street, and when that space becomes available, the Yeshiva will be responsible for paying that rent to Horowitz, or finding a subtenant or subtenants for that vacated space.

3. Yeshiva will obtain all necessary Certificates of Occupancy for all buildings not later than September 1, 2014.

4. Yeshiva will have the option to renew the leases for successive one year terms. The renewal rent will be increased by the 60 month CPI for the first renewal term and annual CPI adjustments thereafter; provided, however, that if any of the mortgages have been paid off, the monthly rent will be reduced by $5,000.

5. Horowitz may sell the properties at any time subject to the following conditions:

    If the net proceeds (defined as sales price less then-existing mortgages and closing and transaction costs) are less than $2,500,000, Yeshiva will receive $750,000. If net proceeds are $2,500,000-$4,000,000, Yeshiva will receive 30% of the net proceeds. If net proceeds are in excess of $4,000,000, Yeshiva will receive 35% of the net proceeds.

6. Yeshiva's right to share the net proceeds is conditioned upon its continued tenancy and its compliance with the lease terms. Horowitz will give Yeshiva written notice of any monetary defaults and 30 days to cure.

7. Yeshiva will defend Horowitz against any claims brought by or on behalf of the Yeshiva or by its creditors.

8. The parties will withdraw all other proceedings in secular courts or Beis Din (and shall remove any siruv or related declaration).

Michael Horowitz                    Joshua Eller (on behalf of plaintiffs)